**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CORE HEALTH & FITNESS, LLC, a Nevada limited liability company, | Case No. 8:24-cv-02481-AB-JDE |
| Plaintiff, | |
| v. | **STIPULATED PROTECTIVE ORDER** |
| TRANSMEDIK SPECIALIZED INC., a California Corporation; THE LOGISTICS GUYS, INC., an Idaho Corporation; BLUEPRINT INSTALLATIONS, LLC, a Wyoming Corporation; ELIJAH RODRIGUEZ, an individual; ALEN MADATYAN, an individual; MICHAEL PETRIELLI, an individual; GUSTAVO PARDO, an individual; and DOES 1-10, | |
| Defendants. | |

Based on the parties' Stipulation (Dkt. 56) and for good cause shown, the Court finds and orders as follows.

1. <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this Action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. This Stipulated Protective Order ("Order") does not confer blanket protections on all disclosures or responses to discovery and the protection it affords from public disclosure and use extends only to the limited

1  information, documents, or items that are entitled to confidential treatment
2  under the applicable legal principles.

3      This Stipulated Protective Order does not entitle the parties to file
4  confidential information under seal; Civil Local Rule 79-5 sets forth the
5  procedures that must be followed and the standards that will be applied when a
6  party seeks permission from the Court to file material under seal.

7      The entry of this Order does not preclude any Party from seeking a further
8  order of this Court as appropriate. Nothing herein shall be construed to affect in
9  any manner the admissibility at trial or any other court proceeding of any
10  document, testimony, or other evidence.

11  2.  GOOD CAUSE STATEMENT

12      Good cause exists for entry of this Stipulated Protective Order because this
13  action is likely to involve private or proprietary information, confidential policies
14  and procedures, competitively sensitive business information, customer records,
15  and financial information, for which special protection from public disclosure and
16  from use for any purpose other than prosecution of this action is warranted.

17      Based on the nature of the case, the Parties anticipate that they will
18  disclose, produce, or exchange information, documents, and tangible things that
19  reflect sensitive personal, financial, and/or proprietary information, such as (i)
20  trade secrets (including financial records, business strategy, customer
21  information, logistics pricing information, algorithms, models, processes,
22  techniques, user interfaces, design patterns, application methods, application
23  architecture, database structure, and the like; (ii) business strategies and
24  negotiations that are still not public or that still derive independent economic
25  value as of the date of filing this case; (ii) financial, budgeting and/or accounting
26  information, whether or not confidential if not previously disclosed or readily
27  available to third parties; (iii) marketing studies, programs, projections, and
28  similar information to the extent non-public; and (iv) other confidential and

proprietary information of or concerning the parties, their respective parents, subsidiaries, affiliates, employees, employers, clients, vendors, agents, operations, or related entities, or third parties with whom they have had personal or business relationships or engaged in business negotiations, and any of those third parties' respective parents, subsidiaries, affiliates, employees, employers, clients, vendors, agents, operations, or related entities.). It is important that this information remain protected and not be readily available due to the dangers of identity theft, the constitutional privacy rights of third parties, and protection of business competition interests. The unrestricted or unprotected disclosure of such private, financial, and/or business information would result in prejudice or harm to the Producing Party and/or third parties by revealing their information, which could result in identity theft, loss of business, and/or violation of federal, state, and other privacy laws.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

3.    <u>DEFINITIONS</u>

3.1. <u>Action</u>: Core Health & Fitness, LLC v. Transmedik Specialized Inc., et al., **Case No.: 8:24-cv-02481 AB (JDEx).**

3.2. <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

3.3. <u>"CONFIDENTIAL" Material</u>: information (regardless of how it is generated, stored, or maintained) or tangible things that consist of or contain confidential or sensitive non-public information, including, but not limited to, financial, planning, personal, or commercial information, as such terms are used in Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and any applicable case law interpreting Rule 26(c)(1)(G). "CONFIDENTIAL" Material also includes information that a party is required to maintain as confidential under the terms of an agreement, any applicable law, or any other understanding.

3.4. <u>Counsel</u>: Outside Counsel of Record and In-House Counsel (as well as their support staff).

3.5 <u>Designating Party</u>: a Party or Non-Party that designates as "CONFIDENTIAL" information or items that it produces in disclosures or in responses to discovery.

3.6. <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are exchanged, produced, or generated in disclosures or responses to discovery in this matter.

3.7. <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action, whether or not testifying.

3.8. <u>In-House Counsel</u>: attorneys who are employees of a party to this Action and their support staff. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

3.9. <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

3.10. <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, and includes support staff.

3.11. <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and supporting attorneys and staff).

3.12. <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

3.13. <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing deposition transcripts, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

3.14. <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," as defined in section 3.3.

3.15. <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

4.    <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following: (a) any information that is in the public domain at the time of

disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

5.   <u>DURATION</u>

Even after Final Disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final Disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

Within sixty (60) days of Final Disposition of this Action, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category or Bates number, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts,

compilations, summaries, or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, deposition and trial exhibits, expert reports, and attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order.

6.    DESIGNATING PROTECTED MATERIAL

6.1. Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. Where reasonably practicable, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

6.2. Manner and Timing of Designations. Any Producing Party, or Non-Party recipient of a discovery request/subpoena, may designate Disclosure or Discovery Material as "Confidential" under the terms of this Order if the Producing Party in good faith reasonably believes that such Discovery Material contains non-public, confidential, personal, proprietary or commercially sensitive information that requires protections provided in this Order. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material

that qualifies for protection under this Order must be clearly so designated before
or when the material is disclosed or produced, as follows:

    a) For information in documentary form (e.g., paper or electronic
documents, but excluding transcripts of depositions or other pretrial
or trial proceedings), the Producing Party will affix at a minimum, the
words "CONFIDENTIAL" to each page that contains Protected
Material. If only a portion or portions of the material on a page
qualifies for protection, to the extent reasonably practicable, the
Producing Party will identify the protected portion(s) (e.g., by making
appropriate markings in the margins).

    b) For original documents that are made available for inspection, the
Discovery Material need not be designated for protection until after
the inspecting Party has indicated which documents it would like
copied and produced. During the inspection and before the
designation, all of the material made available for inspection shall be
deemed "CONFIDENTIAL." After the inspecting Party has identified
the documents it wants copied and produced, the Producing Party
must determine which documents, or portions thereof, qualify for
protection under this Order. Then, before producing the specified
documents, the Producing Party must affix the words
"CONFIDENTIAL" to each page that contains Protected Material. If
only a portion or portions of the material on a page qualifies for
protection, to the extent reasonably practicable, the Producing Party
will identify the protected portion(s) (e.g., by making appropriate
markings in the margins).

    c) Specific deposition testimony may be designated as "CONFIDENTIAL"
either on the record during the deposition or by identifying the page
and line(s) of testimony for which it seeks protection within thirty

(30) days after receipt of the written transcript by the Designating Party. Until that time, and unless otherwise indicated in writing or on the record, all deposition testimony shall be treated as "CONFIDENTIAL" to permit Counsel for the Party deposed an opportunity to designate the deposition testimony as Protected Material. If designation is made during the 30-day period after receipt of the transcript, all parties in possession of the transcript at the time of receiving the designation or thereafter shall place the label "CONFIDENTIAL" on the front cover of the transcript, on each or all of the exhibits and/or pages so designated, and on each copy thereof upon notice that the confidential designation has been made. In the event that a Party needs to file a deposition transcript with the Court prior to the expiration of the 30-day period set forth above, that entire transcript shall be treated as if it had been designated as Protected Material. The court reporter shall operate in a manner consistent with this Order and shall separately label the confidential portions of the deposition transcript, including documents and other exhibits containing confidential information. If a Party or Non-Party desires to protect or use confidential information at trial, the issue should be addressed during the pre-trial conference.

d) For information produced in some form other than documentary and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information is stored the words "CONFIDENTIAL." For protected information produced in native format (such as an Excel spreadsheet), the Producing Party shall include "CONFIDENTIAL" in the file name. If only a portion or portions of the information

warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

6.3. <u>Inadvertent Failures to Designate</u>. An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material, and may be remedied by supplemental written notice upon discovery of the disclosure. Upon correction of a designation, the Receiving Party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Order.

7.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

7.1.  <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

7.2.  <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 et seq. by serving a written letter giving notice to the Designating Party of each designation being challenged, including the Bates numbers where the challenged designations appear, and describing the basis for each challenge. The written notice must indicate that the challenge to confidentiality is being made pursuant to this Protective Order and must otherwise comply with Local Rule 37-1.

7.3. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

8.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

8.1. <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this

Action only for prosecuting, defending, or attempting to settle this Action. Such

Protected Material may be disclosed only to the categories of persons and under

the conditions described in this Order, including section 8.2. When the Action has

been terminated, a Receiving Party must comply with the provisions of section 5

above.

       Protected Material must be stored and maintained by a Receiving Party at a

location and in a secure manner that ensures that access is limited to the persons

authorized under this Order.

      8.2. <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise

ordered by the Court or permitted in writing by the Designating Party, a Receiving

Party may disclose any information or item designated "CONFIDENTIAL" only to:

    a) the Receiving Party's Outside Counsel of Record in this Action, as well
as employees of said Outside Counsel of Record to whom it is
reasonably necessary to disclose the information for this Action;

    b) the officers, directors, and employees (including In-House Counsel) of
the Receiving Party to whom disclosure is reasonably necessary for
this Action;

    c) Experts (as defined in this Order) of the Receiving Party to whom
disclosure is reasonably necessary for this Action and who have
signed the "Acknowledgment and Agreement to Be Bound" (Exhibit
A);

    d) the Court and its personnel;

    e) court reporters and their staff;

    f) professional jury or trial consultants and mock jurors to whom
disclosure is reasonably necessary for this Action and who've signed
the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    g) Professional Vendors, provided that Counsel retaining them instructs
them not to disclose any confidential material to third parties and to

immediately return or destroy all originals and copies of any confidential material as appropriate;

h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

i) present or former employees of the Producing Party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared before the start of their employment with the Producing Party or after the date of their departure);

j) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary, which witness shall be instructed respecting the confidentiality obligations in here if applicable. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material shall be separately bound by the court reporter and shall not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

k) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

Under this Section, any vendor, expert witness, or other person engaged directly by a law firm for the parties or offered by the parties shall be under said law firm's binding by this Order absent having signed a copy of Exhibit A.

8.3. <u>Own Documents</u>. Nothing herein shall affect or restrict the rights of any Party with respect to its own documents or to the information obtained or developed independently of documents, transcripts, and materials afforded confidential treatment pursuant to this Order.

8.4. <u>Filing Protected Material</u>. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Before a Party files Protected Material or makes a filing that discusses or references the content, subject matter, or nature of Protected Material designated as such by the other Party, the filing Party shall confer with the Designating Party in accordance with Civil Local Rule 79-5.2.2(b).

9. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION OR INVESTIGATIONS</u>

If a Party is served with a document request, a subpoena, or a court order issued in other litigation or an investigation by any federal, state, or local government agency, department, or other entity that compels disclosure of any information or items   designated by another Party in this Action as "CONFIDENTIAL," the served Party must:

a) promptly notify in writing the Designating Party. Such notification shall include a copy of the document request, subpoena, or court order;

b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which

the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

10.    <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS ACTION</u>

    a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

    b) In the event that a Party is required, by a discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

        i.    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to confidentiality agreement with a Non-Party;

        ii.    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

        iii.    make the information requested available for inspection by the Non-Party, if requested.

c) If the Non-Party fails to seek a protective order from this Court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

11.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" attached hereto as Exhibit A.

12.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to a Receiving Party that certain inadvertently produced material is subject to a claim of privilege or other protection (including the attorney-client privilege and work-product doctrine), the obligations of the Receiving Party are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). Pursuant to Fed. R. Evid. 502(d), the production of a privileged, work-product-protected, or otherwise protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery

in this case or in any other federal, state, or regulatory proceeding. If possible, the Producing Party must substitute the inadvertently produced document with one that redacts the information subject to the claimed protections. The Parties must confer in a good faith attempt to resolve any disputes subject to this section before seeking court intervention. The Parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

13.   MISCELLANEOUS

  13.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

  13.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

14.   <u>VIOLATIONS</u>. Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings, and/or monetary sanctions.

IT IS SO ORDERED.

Dated: July 3, 2025

JOHN D. EARLY
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of [print or type full address], have read and understand the Stipulated Protective Order that was issued in this Action by the United States District Court for the Central District of California. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order. In compliance with this Order, I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the sole purpose of interpretation and enforcement of the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this Action.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Signed this \_\_\_\_\_ day of _____ , 20\_\_\_\_, at

_____ [insert city and state where sworn and signed].

Signature: _____